UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) |
| --- | --- |
| | ) |
| v. | ) Case No. 3:19-CR-46 JD |
| | ) |
| JOSHUA RAY | ) |

## OPINION AND ORDER

Defendant Joshua Ray is facing several charges for the unlawful possession of one or more machine guns and firearms in violation of 18 U.S.C. § 922 and 26 U.S.C. §§ 5822, 5861(d), and 5871. The table below adequately summarizes each charge and relevant time period:

| Count | Subject | Statute | Date |
| --- | --- | --- | --- |
| 1 | Received/Possessed Short Barreled Rifle | 26 USC § 5822, § 5861(d), § 5871 | July 19, 2018 |
| 2 | Possess AR-15 Rifle | 18 USC § 922(g)(3) | October 2018 |
| 3 | Transfer one or more machine guns | 18 USC § 922(o) | March 2019 |
| 4 | Possess Glock pistol | 18 USC § 922(g)(3) | March 2019 |
| 5 | Possess Ruger pistol | 18 USC § 922(g)(3) | March 15-16, 2019 |
| 6 | Possess Glock pistol and/or 1911 pistol | 18 USC § 922(g)(3) | Mar.-May 2019 |
| 7 | Possess one or more machine guns | 18 USC § 922(o) | April 2019 |
| 8 | Possess HK Rifle | 18 USC § 922(g)(3) | May 2019 |
| 9 | Possess one or more machine guns | 18 USC § 922(o) | May 22, 2019 |
| 10 | Possess assorted rounds of ammunition | 18 USC § 922(g)(3) | May 22, 2019 |

Mr. Ray now moves this Court to order a dismissal of the Third Superseding Indictment [DE 51] on the grounds of multiplicity. [DE 57]. "Multiplicity is the charging of a single offense in separate counts of an indictment." *United States v. Starks*, 472 F.3d 466, 468–69 (7th Cir. 2006) (citation omitted). More specifically, Mr. Ray argues that Counts 4, 5, 6, 8, and 10 should all be dismissed as they are multiplicitous and in violation of the Double Jeopardy clause. Mr. Ray also argues that the Double Jeopardy clause prohibits prosecution of an individual more than once for the same criminal act. [DE 57]. "Multiplicity in an indictment exposes a defendant to the threat

1

of receiving multiple punishments for the same offense in violation of the Double Jeopardy Clause of the Fifth Amendment." *Starks*, 472 F.3d at 469. Finally, Mr. Ray argues that the danger of prejudice is especially present here where there are numerous alleged multiplicitous counts—five by his estimation.

In response to Mr. Ray's motion, the Government agrees that there is an overlap in the time periods for when Mr. Ray possessed several of the firearms but argues that possession within the same time period is not dispositive. [DE 76]. The government notes that it may file multiple violations of Section 922 "where it can produce evidence demonstrating that the firearms were stored or acquired separately and at different times and places." *United States v. Buchmeier*, 255 F.3d 415, 422 (7th Cir. 2001). In its response brief, it also supplies additional facts surrounding Counts 4, 5, 6, 8, and 10. [DE 76]. As for Count 6, the government agrees that the words "Glock pistol" could be stricken to avoid multiplicity but maintains that there is sufficient evidence to proceed based on the 1911 firearm. *Id*. at 19. The government also concedes that Count 10 may ultimately be required to merge with other counts at the time of sentencing. *Id*. at 24. Therefore, the government requests that it be permitted to proceed to trial on the counts in the Third Superseding Indictment.

The Seventh Circuit has held that "the Government may charge and convict an individual of multiple violations of [the same statute] only if it can produce evidence demonstrating that the firearms were stored or acquired separately and at different times or places." *United States v. Conley*, 291 F.3d 464, 470 (7th Cir. 2002). Here, the Court finds that the government has alleged sufficient facts in its response brief demonstrating that the counts brought in the Third Superseding Indictment are not multiplicitous and therefore allows the counts to proceed to trial. At the end of trial, the Court will have another opportunity to review the counts and determine

whether they are multiplicitous. "A single act of possession can yield only one conviction under § 922(g) even if the defendant possessed multiple firearms at the same time," but the Court may merge the counts at the time of sentencing. *United States v. Bloch*, 718 F.3d 638, 643-44 (7th Cir. 2013). If after trial the Court finds that the convictions are multiplicitous, it may merge the counts or vacate all but one. This is the most common way of dealing with a claim of multiplicity. *See, e.g., United States v. Parker,* 508 F.3d 434 (7th Cir. 2007); *United States v. Kerley*, 544 F.3d 172, 179 (2d Cir. 2008) (multiplicitous indictment remedied by remand for resentencing); *United States v. Tann*, 577 F.3d 533, 543 (3d Cir. 2009) (multiplicitous indictment remedied by vacating one count); *United States v. Leftenant*, 341 F.3d 338, 348 (4th Cir. 2003) (multiplicitous indictment remedied by remand to vacate all but one count); *United States v. Miller*, 576 F.3d 528, 531 (5th Cir. 2009) (multiplicitous indictment remedied by vacatur and remand for resentencing).

Moreover, to the extent that the defendant may worry the jury will, as a result of the large number of counts charged, assume that he is a criminal, the Court reminds the defendant that various jury instructions exist to prevent that from happening. The jury will be instructed not to draw any assumptions of guilt based on the superseding indictment or on the fact that Mr. Ray has been charged with multiple criminal offenses. The jury will also be instructed very clearly to consider each count separately. The pattern instructions state that the number of charges is not evidence of guilt, that the number should not influence the jury's decision, and that it must consider each charge separately. 7th Cir. Pattern Jury Instr. – Crim. 1.02 and 4.06 (2012). The Seventh Circuit assumes that juries follow their instructions, and that the instructions work. *See United States v. Rodriguez*, 929 F.2d 1224, 1228 (7th Cir. 1991) ("Generally, we assume the jury followed the court's instruction and that the court's curative measures were sufficient to prevent

any harm"); *see also United States v. Fulk*, 816 F.2d 1202, 1205 (7th Cir. 1987). These provide sufficient safeguards to protect the defendant against multiplicitous counts and Double Jeopardy.

Therefore, the defendant's motion to dismiss the Third Superseding Indictment as multiplicitous is **DENIED**. [DE 57]. The issue of multiplicity can be addressed again during the sentencing phase, if necessary.

SO ORDERED.

ENTERED: March 26, 2020

                                                /s/ JON E. DEGUILIO
Judge
United States District Court