UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) |
| --- | --- |
| | ) |
| v. | ) CAUSE NUMBER: 3:19-CR-00046-JD-MGG |
| | ) |
| JOSHUA RAY | ) |

**PETITION TO ENTER A PLEA OF GUILTY**

The defendant above named respectfully represents to the Court as follows:

1. My true name is Joshua Ray, and I request that all proceedings against me be had in the name which I here declare to be my true name.

2. I was born in the United States of America. I have attended school, and I have the ability to read, write, and speak the English language.

3. I am represented by counsel and the name of my lawyer is Donald J. Schmid.

4. I have received a copy of the Third Superseding Indictment and have read and discussed it with my lawyer, and I believe and feel that I understand every accusation made against me in this case.

5. I have told my lawyer the facts and surrounding circumstances as known to me concerning the matters mentioned in the Third Superseding Indictment and believe and feel that my lawyer is fully informed as to all

such matters. My lawyer has since informed me and has counseled and advised with me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

6. I understand that I am entitled to have all of my rights which may be involved in this matter explained to me, and that I have the right to have any questions I may have answered for me.

7. I understand that I have a right to plead NOT GUILTY to any offense charged against me, and that under a plea of NOT GUILTY the Constitution guarantees me:

    (a) the right to a speedy and public trial by a twelve-person jury of my peers, selected according to law, in the Northern District of Indiana, which must return a unanimous verdict of GUILTY before I can be convicted;

    (b) the right to be released on reasonable bail until my trial occurs;

    (c) the right to see, hear, and cross-examine all the witnesses against me at my trial;

    (d) the right to use the power and process of the Court to compel the production of any evidence, including the attendance of any witnesses in my favor at my trial;

(e) the right to the assistance of counsel at every stage of the proceedings, including upon an appeal if need be;

(f) the right not to testify without prejudice; and,

(g) that in the event that I should be found GUILTY of the charge against me, I would have the right to appeal my conviction on such charge to a higher court.

8. I understand, also, that if I plead GUILTY, I waive the right to trial by jury in any and all proceedings in this case and all of the other rights mentioned above.

9. Notwithstanding the above, I have, with the assistance of counsel, entered into an agreement with the United States Attorney's Office for the Northern District of Indiana as follows:

(a) I agree to plead guilty to Count Nine of the Third Superseding Indictment charging me with possessing machineguns in violation of Title 18, United States Code, Section 922(o) because I am, in fact, guilty of the offense charged.

(b) I understand that in order for the Court to accept my guilty plea to Count Nine of the Third Superseding Indictment, the Court must receive what is called a factual basis. In connection with my guilty plea, I acknowledge the following facts:

On May 22, 2019, I knowingly possessed machineguns. On that day, law enforcement executed a search warrant at my residence in the Northern District of Indiana and recovered multiple auto-switches (sears), some of which were branded as "Glock." I had ordered these auto-switches (sears) over the internet and had them delivered to my residence. I knew that the auto-switches (sears) converted a firearm into a machinegun by making it fully

3

automatic. I acknowledge that the auto-switches (sears) I possessed meet the statutory definition of a machinegun pursuant to Title 18, United States Code, Section 921(a)(23) and Title 26, United States Code, Section 5845(b).

(c) I understand that the maximum possible penalty that may be imposed upon me for my conviction of the offense of possessing machineguns as charged in Count Nine of the Third Superseding Indictment is a term of imprisonment, if any, not to exceed ten (10) years, a fine not to exceed $250,000.00, or a combination of both imprisonment and a fine, to which may be added a term of supervised release of not less than three (3) years up to life, plus a special assessment of $100.00 in addition to any other penalty imposed.

(d) I understand that under the U.S. Sentencing Guidelines, the Court, in light of an investigation by the United States Probation Office, will determine the applicable sentencing guideline range, and that the Court will determine all matters, whether factual or legal, relevant to the application of the sentencing guidelines including, but not limited to, the adjusted offense level, the relevant circumstances in the case, the criminal history points and category, relevant conduct, the grouping of offenses, victim-related adjustments, role in the offense adjustments, career offender status, criminal livelihood and acceptance of responsibility as well as possible departures from the application of the U.S. Sentencing Guidelines. I understand that the U.S. Sentencing Guidelines are advisory only, and that the specific sentence to be imposed upon me will be determined by the judge after a consideration of a pre-sentence investigation report; input from counsel for myself, from the government, and from me; federal sentencing statutes; and the U.S. Sentencing Guidelines.

(e) I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed. I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement. With this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or

to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255. I also agree to waive all rights, whether asserted directly or through a representative, to, after sentencing, request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter. This waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974.

(f)  I agree to forfeit to the United States the following property: Glock auto-switches (sears), assorted rounds of ammunition, a HK 91 .380 rifle bearing serial number A059026, a Winchester .22 rifle bearing serial number 674171, a Ruger LCP .380 firearm bearing serial number 37128691, a Ruger LCP .380 firearm bearing serial number 380282762, a Savage .22 rifle bearing serial number 2768208, a Mossberg 12 gauge shotgun bearing serial number V0533340, and a Smith and Wesson Governor .410 45LC 45 ACP bearing serial number CR27014. I acknowledge that all property covered by this agreement is subject to forfeiture as property involved in or used in the commission of the offense. I further consent to the entry of orders of forfeiture pursuant to Federal Rules of Criminal Procedure 32.2.

(g)  I understand that the government has reserved the right to tell the Court the good things about me and the bad things about me, and to fully inform the Court of the nature and extent of my offense as well as the full extent of my criminal history.

(h)  Any agreement that follows in this sub-paragraph is submitted to the Court pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure and is not binding upon the Court. I understand that this means that if the Court refuses to follow the recommendations set forth in this sub-paragraph, I will not be allowed to withdraw my guilty plea:

(1) The United States of America and I agree that in recognition of my acceptance of responsibility for my offense conduct, I am entitled to a two-level reduction in offense level. However, the government's obligation to recommend acceptance of responsibility under this plea agreement is contingent upon my continuing manifestation of acceptance of responsibility. Should I deny my involvement, give conflicting statements of my involvement, or engage in additional criminal conduct including any personal use of controlled substances, the government shall not be bound to recommend any reduction in offense level for acceptance of responsibility; and

(2) I further understand that the Court is not bound by these recommendations, that the Court makes the final decision regarding my receipt of a reduction in offense level for acceptance of responsibility, and that I am not entitled to withdraw this guilty plea if the Court decides not to accept these recommendations.

(i) Pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure and in exchange for my guilty plea, the United States agrees to move to dismiss Counts One through Eight and Ten of the Third Superseding Indictment at the time of sentencing. The United States further agrees that it will not seek to bring charges against me pertaining to perjury and false statements under oath from my testimony on December 4, 2019.

(j) I understand that other than what is contained in this plea agreement, no predictions, promises, or representations have been made to me as to the specific sentence that will be imposed.

10. I am prepared to state to the Court my reasons based on the facts in this matter that cause me to believe that I am GUILTY as charged.

11. I believe and feel that my lawyer has done all that anyone could do to counsel and assist me and that I now understand the proceedings in this case against me.

12. I declare that I offer my plea of GUILTY freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this petition, nor have I been threatened in any way by anyone to cause me to plead GUILTY in accordance with this petition.

13. I understand and acknowledge that this petition, once filed with the Court, is a public document and is available for public viewing.

*s/ Joshua Ray*

Joshua Ray
Defendant

*s/ Donald J. Schmid*

Donald J. Schmid
Attorney for Defendant

APPROVED:

THOMAS L. KIRSCH II
UNITED STATES ATTORNEY

By: *s/ Kimberly L. Schultz*

Kimberly L. Schultz
Assistant United States Attorney
Robert A. Grant Federal Building
204 South Main Street
Room M-01
South Bend, Indiana 46601
Email: kimberly.schultz@usdoj.gov